STATE OF NORTH CAROLINA v. DAVID LEVERNE CALLAHAN

No. 8616SC665

(Filed 18 November 1986)

1. Constitutional Law § 45— appearance pro se—inquiry required of defendant

Defendant is entitled to a new trial where he proceeded to trial without counsel, and the record was silent with regard to the trial court's inquiry concerning his waiver of counsel. N.C.G.S. § 15A-1242.

2. Larceny § 7.4— possession of recently stolen property—11-12 days between taking and possession

In a prosecution of defendant for felonious larceny of commercial restaurant equipment, an 11-12 day period between the larceny and defendant's possession was not so long as to preclude application of the doctrine of possession of recently stolen property.

APPEAL by defendant from *Ellis (B. Craig), Judge.* Judgment entered 19 February 1986 in Superior Court, ROBESON County. Heard in the Court of Appeals 24 October 1986.

Defendant was properly indicted on one count of felonious breaking and entering and one count of felonious larceny. At his arraignment on 20 January 1986 defendant stated his intention to hire an attorney and signed a waiver of his right to court-appointed counsel. On 18 February 1986 defendant's case was called for trial. Defendant had no counsel. The presiding judge looked at the case file and asked defendant if he was ready to proceed. Defendant stated that he was. From the record before us, it appears that the presiding judge began the jury selection process and the trial without making further inquiry of defendant.

Defendant presented no evidence and was found not guilty of felonious breaking and entering, and guilty of felonious larceny. From judgment entered on the verdict, defendant appealed.

*Attorney General Thornburg, by Assistant Attorney General Ellen Scouten, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for the defendant-appellant.*

EAGLES, Judge.

[1] By assignments of error numbers 1 and 2, defendant contends that he is entitled to a new trial because the trial court required him to proceed *pro se* without clearly finding that defendant intended to proceed without the assistance of counsel.

G.S. 15A-1242, in full, provides as follows:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishment.

The statute's requirements are clear and unambiguous. The inquiry is mandatory and must be made in every case in which a defendant elects to proceed without counsel. *State v. Michael*, 74 N.C. App. 118, 327 S.E. 2d 263 (1985). The record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will. *State v. Gerald*, 304 N.C. 511, 284 S.E. 2d 312 (1981).

In this case, the State notes in its brief that the trial judge did in fact address defendant pursuant to G.S. 15A-1242 but that the proceedings were not recorded by the court reporter. Consequently, the record is silent as to what questions were asked of defendant and what his responses were. Absent a transcription of those proceedings, this Court cannot presume that defendant

State v. Callahan

knowingly and intelligently waived his right to counsel. Accordingly, defendant is entitled to a new trial.

Even though we have determined that the defendant is entitled to a new trial on procedural grounds, double jeopardy principles require us to consider another of defendant's contentions. Defendant contends that his larceny conviction must be reversed for insufficient evidence. The State may not retry the defendant if the evidence at the first trial was not legally sufficient to sustain the verdict. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978). *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed. 2d 311 (1984) (Brennan, J., concurring) (quoting *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed. 2d 652 (1982) (White, J., dissenting) ); *United States v. Bibbero*, 749 F. 2d 581 (9th Cir. 1984), *cert. denied*, --- U.S. ---, 105 S.Ct. 2330, 85 L.Ed. 2d 847 (1985); *United States v. Menesos-Davila*, 580 F. 2d 888 (5th Cir. 1978). *But see United States v. Mandel*, 591 F. 2d 1347 (4th Cir. 1979). Appellate reversal of a conviction on the basis of insufficiency has the same effect as a judgment of acquittal and the Double Jeopardy Clause precludes retrial. *United States v. Burks, supra.*

We note that defendant failed to move for dismissal at the close of the evidence. As a result, Rule 10(b)(3) of our Rules of Appellate Procedure precludes the defendant from challenging on appeal the sufficiency of the evidence. Since defendant appeared *pro se* and the record does not affirmatively show that he knowingly and intelligently waived his right to counsel, in our discretion, pursuant to Rule 2 of the Rules of Appellate Procedure, we will consider the sufficiency of the evidence question on its merits.

[2] The State produced no direct evidence of defendant's guilt. Instead, it relied entirely on the doctrine of possession of recently stolen property. The doctrine is a rule of law which allows the jury to presume that the possessor of stolen property is guilty of larceny. *State v. Williamson*, 74 N.C. App. 114, 327 S.E. 2d 319 (1985). The presumption can arise, however, only when the State proves three things beyond a reasonable doubt: (1) that the property described in the indictment was stolen; (2) that the defendant was found in possession of the stolen property; and (3) that the defendant's possession was recently after the larceny. *State v.*

*Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981). Here, the defendant disputes only the last element, claiming that the property was not found in his possession soon enough after it was stolen for the doctrine to apply. We disagree.

One of the State's witnesses, Mary Anderson, testified that she saw the property in defendant's possession on either the first or second Thursday in September. Earlier, the owner of the property testified that he last saw it around the first of September. From this evidence then, the break-in and larceny must have occurred sometime between the 1st and 12th of September 1985. Since a jury is not allowed to speculate on the evidence, *State v. Moore*, 312 N.C. 607, 324 S.E. 2d 229 (1985), we must assume that defendant was first found in possession of the stolen property 11-12 days after the property was stolen.

While 11-12 days is not a short period of time, whether the time elapsed between the larceny and defendant's possession of the stolen property is too great for the doctrine to apply depends on the facts and circumstances of each case. *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). A necessary factor in the determination is the nature of the property stolen. *State v. Hamlet*, 316 N.C. 41, 340 S.E. 2d 418 (1986). Where the stolen property is of a type not normally or frequently traded through lawful channels, the inference of guilt will survive a longer time interval, since, under those circumstances, it is more likely that the defendant acquired the property by his own acts and to the exclusion of the intervening agency of others. *See State v. Hamlet, supra* and *State v. Blackmon, supra*. The property stolen here was commercial restaurant equipment. We do not believe that kind of property is a kind which is usually or frequently traded through lawful retail channels. Therefore, an 11-12 day period between the larceny and defendant's possession is not so long as to preclude the doctrine's application.

Defendant, however, takes issue with testimony of Mary Anderson. He claims that the other evidence adduced at trial shows that the time period between the theft and his possession of the property was over 30 days and that Mary Anderson's testimony is not credible. In an appeal challenging the sufficiency of the evidence, we must view the evidence in the light most favorable to the State and give the State the benefit of every reasona-

ble inference. *State v. Forney*, 310 N.C. 126, 310 S.E. 2d 20 (1984). When so viewed, if there is any competent evidence to support the verdict, it must be sustained. *State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976). Although the testimony of the State's witnesses contain contradictions regarding the date defendant was first seen in possession of the stolen property, those contradictions must be disregarded here. *State v. Williams*, 31 N.C. App. 588, 229 S.E. 2d 839 (1976), *disc. review denied*, 303 N.C. 712, 285 S.E. 2d 138 (1981), and the question was for the jury as to the credibility of the witnesses and the weight of the evidence. *State v. Patterson*, 288 N.C. 553, 220 S.E. 2d 600 (1975), *vacated in part*, 428 U.S. 904, 96 S.Ct. 3211, 49 L.Ed. 2d 1211 (1976). We find that defendant's argument on the sufficiency of the evidence is without merit.

We conclude that the evidence sufficiently supports defendant's conviction and he is not entitled to a reversal on the ground of insufficient evidence. Defendant is entitled to a new trial on the basis of procedural error.

New trial.

Judges BECTON and PHILLIPS concur.