STATE OF NORTH CAROLINA v. MICHAEL GERMAINE STANBACK

No. COA99-1176

(Filed 18 April 2000)

**Constitutional Law— right to counsel—pro se representation—inadequate inquiry**

The trial court committed plain error by allowing defendant to proceed pro se in an armed robbery and kidnapping case because: (1) the trial court did not inquire as to whether defendant comprehended the nature of the charges and proceedings and the range of permissible punishments as required by N.C.G.S. § 15A-1242(3); and (2) neither the statutory responsibilities of standby counsel nor the actual participation of standby counsel

STATE v. STANBACK

[137 N.C. App. 583 (2000)]

is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver.

On writ of certiorari to review judgments dated 16 January 1997 by Judge William Z. Wood, Jr. in Stanly County Superior Court. Heard in the Court of Appeals 4 April 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Marc D. Bernstein, for the State.*

*North Carolina Prisoner Legal Services, by J. Phillip Griffin, for defendant-appellant.*

GREENE, Judge.

Michael Germaine Stanback (Defendant) failed to perfect his appeal from three judgments reflecting jury verdicts finding him guilty of two counts of second-degree kidnaping and robbery with a dangerous weapon. On 22 December 1997, this Court allowed Defendant's petition for writ of certiorari to review these judgments.

The record shows that on 16 September 1996, Defendant was charged with two counts of first-degree kidnaping and robbery with a dangerous weapon. Because of Defendant's indigency, the trial court appointed an attorney to represent him. On 21 October 1996, Defendant filed a letter with the trial court requesting his court appointed counsel "be taken off [his] case" because his family wanted to retain an attorney for him.

Defendant's case was called for trial on 14 January 1997. At that time, Defendant told the trial court, "I'd like to represent myself and go ahead with the trial." After the trial court cautioned Defendant about the hazards of representing himself, the trial court took a recess to allow Defendant to consult with his appointed counsel. After the recess, Defendant's counsel informed the trial court Defendant was adamant about wanting to represent himself. When the trial court asked Defendant if he wanted to represent himself, Defendant responded, "Yes, I do." The trial court then appointed Defendant's appointed counsel as Defendant's standby counsel, and, without further inquiry, brought Defendant's case to trial.

The State's evidence shows that on 12 August 1996, Defendant and two other men entered a business named Carl Scrap Metal, they taped the hands and mouths of two workers, and they demanded money. One of the three men who entered the business exhibited a

handgun. After Defendant and the two other men had taken money from a billfold, from a cash box, and from a cash register, they left the scene.

Defendant testified on his own behalf, and denied having any involvement in the robbery.

The jury found Defendant guilty of armed robbery and two counts of second-degree kidnaping.

---

The dispositive issue is whether the trial court committed plain error by allowing Defendant to proceed *pro se* without first inquiring as to whether Defendant "[c]omprehend[ed] the nature of the charges and proceedings and the range of permissible punishments," pursuant to N.C. Gen. Stat. § 15A-1242(3).

Defendant contends, and the State agrees, the trial court committed plain error by not complying with the statutory mandate of N.C. Gen. Stat. § 15A-1242 before allowing Defendant to proceed *pro se.*

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir.) (footnote omitted), *cert. denied,* 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

Section 15-1242 provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (1999). Compliance with section 15A-1242 serves to insure the defendant "voluntarily made a knowing and intelligent waiver of his constitutional right to counsel in order to exercise his constitutional right to represent himself." *State v. Dunlap,* 318 N.C.

384, 388, 348 S.E.2d 801, 804 (1986) (citation omitted). The record must reflect that the trial court is satisfied regarding each of the three inquiries listed in the statute. *State v. Callahan*, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986), *disc. review denied*, 319 N.C. 225, 353 S.E.2d 409 (1987).

In this case, the record indicates the trial court discussed with Defendant the consequences of his decision to represent himself. Additionally, Defendant had been advised of his right to assigned counsel since "he had exercised the right and counsel had been appointed to represent him." *Dunlap*, 318 N.C. at 389, 348 S.E.2d at 804. The record, however, does not indicate the trial court made any inquiry to satisfy itself Defendant comprehended "the nature of the charges and proceedings and the range of permissible punishments." N.C.G.S. § 15A-1242. Furthermore, "neither the statutory responsibilities of standby counsel . . . nor the actual participation of standby counsel . . . is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver." *Dunlop*, 318 N.C. at 389, 348 S.E.2d at 805. Accordingly, the trial court's failure to comply with section 15A-1242 is plain error. Furthermore, because it is prejudicial error to allow a criminal defendant to proceed *pro se* without making the inquiry required by section 15A-1242, Defendant must be granted a new trial. *State v. Hyatt*, 132 N.C. App. 697, 704, 513 S.E.2d 90, 95 (1999).

New trial.

Judges EDMUNDS and SMITH concur.