STATE OF NORTH CAROLINA v. WILBERT SEYMORE

No. COA10-1578

(Filed 16 August 2011)

## Constitutional Law—right to counsel—waiver of appointed counsel—no pro se inquiry

A *pro se* defendant received a new trial where he waived appointed counsel but the record did not show that the trial court conducted the required inquiry before allowing him to proceed *pro se*.

Appeal by Defendant from judgment entered 29 April 2010 by Judge Milton F. Fitch, Jr., in Pasquotank County Superior Court. Heard in the Court of Appeals 23 May 2011.

*Roy Cooper, Attorney General, by Tammera S. Hill, Assistant Attorney General, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for Defendant.*

THIGPEN, Judge.

Wilbert Seymore ("Defendant") signed a waiver of counsel form waiving his right to assigned counsel. At trial, Defendant proceeded *pro se*. We must determine whether the trial court erred in allowing Defendant to proceed *pro se* without conducting a thorough inquiry as required by N.C. Gen. Stat. § 15A-1242. We conclude the superior court erred and grant Defendant a new trial.

The evidence of record tends to show that on 6 July 2009 Defendant was convicted in district court of driving while impaired, driving while license revoked, driving left of center, and driving eighty-three miles per hour in a fifty-five mile per hour zone. Defendant appealed to the superior court.

The record indicates Defendant was not satisfied with his appointed counsel in district court, and Defendant wished to hire his own private attorney for the appeal to superior court. On 5 April 2010, Defendant's assigned counsel withdrew, and on the same day, Defendant signed a written waiver relinquishing his right to assigned counsel.[1]

---

1. The waiver of counsel form contains two checkboxes, and a parenthetical instructing the defendant to "check only one[.]" The first denotes, "I waive my right to assigned counsel[.]" The second states, "I waive my right to all assistance of counsel

On the waiver of counsel form, Defendant did not waive his right to all assistance of counsel; rather, Defendant waived only his right to assigned counsel. No evidence of record tends to show Defendant intended to proceed in his appeal to superior court without the assistance of some counsel.[2]

Without explanation, however, Defendant proceeded *pro se* in the trial of his case in the superior court on 26 April 2010. The jury found Defendant guilty of driving while impaired, driving while license revoked, and exceeding posted speed. For the driving while impaired conviction, Defendant was sentenced to 150 days incarceration, which was suspended, and Defendant was placed on supervised probation for twelve months. For the driving while license revoked and exceeding posted speed convictions, Defendant was sentenced to 30 days incarceration, which was suspended, and Defendant was again placed on supervised probation for twelve months, to begin at the expiration of the foregoing period of supervised probation. From this judgment, Defendant appeals.

## I: Waiver of Counsel

In Defendant's first argument on appeal, he contends the superior court erred by allowing Defendant to proceed at trial *pro se* with out first conducting the thorough inquiry required by N.C. Gen. Stat. § 15A-1242. We agree.

"This Court has long recognized the state constitutional right of a criminal defendant 'to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes.' " *State v. Moore*, 362 N.C. 319, 321, 661 S.E.2d 722, 724 (2008) (citations omitted). "However, '[b]efore allowing à defendant to waive in-court representation by counsel . . . the trial court must insure that constitutional and statutory standards are satisfied.' " *Id.*, 362 N.C. at 322, 661 S.E.2d at 724 (citation omitted). "[I]t is error for a trial court to allow a criminal defendant to release his counsel and proceed *pro se* unless, first, the defendant expresses 'clearly and unequivocally' his election to proceed *pro se* and, second, the defendant knowingly,

---

which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do." Generally, a defendant checks box one when he intends to proceed with a privately hired attorney rather than a public defender or court appointed counsel, and a defendant checks box two when he intends to proceed to trial *pro se*. Defendant checked box one.

2. To the contrary, the record shows that Defendant's assigned public defender withdrew as attorney of record because Defendant "want[ed] to hire an attorney."

intelligently, and voluntarily waives his right to in-court representation." *State v. White*, 349 N.C. 535, 563, 508 S.E.2d 253, 271 (1998), *cert. denied*, 527 U.S. 1026, 119 S. Ct. 2376, 144 L. Ed. 2d 779 (1999). "In order to determine whether the waiver meets [this constitutional] standard, the trial court must conduct a thorough inquiry[,] [and] [t]his Court has held that N.C.G.S. § 15A-1242 satisfies any constitutional requirements by adequately setting forth the parameters of such inquiries." *State v. Fulp*, 355 N.C. 171, 175, 558 S.E.2d 156, 159 (2002) (citations and quotation omitted).

N.C. Gen. Stat. § 15A-1242 provides the following:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

A trial court's failure to conduct the inquiry entitles defendant to a new trial. *State v. Hyatt*, 132 N.C. App. 697, 703, 513 S.E.2d 90, 94-95 (1999).

"The record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will." *State v. Callahan*, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986). In cases where "the record is silent as to what questions were asked of defendant and what his responses were" this Court has held, "[we] cannot presume that [the] defendant knowingly and intelligently waived his right to counsel[.]" *Id.*, 83 N.C. App. at 324-25, 350 S.E.2d at 129. When there is no "transcription of those proceedings," the defendant "is entitled to a new trial." *Id.*

"The execution of a written waiver is no substitute for compliance by the trial court with the statute[;] [a] written waiver is 'something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not . . . an alternative to it.'" *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002). (citations omitted).

In the present case, the transcript of the superior court proceedings shows that the court advised Defendant of the charges against him; however, there is no evidence that any other inquiry as required by N.C. Gen. Stat. § 15A-1242 was made. The transcript does not reveal that Defendant clearly and unequivocally expressed his desire to proceed *pro se*, or that the court clearly advised Defendant of his right to the assistance of counsel or the range of permissible punishments Defendant faced. This falls well short of the requirements of N.C. Gen. Stat. § 15A-1242. Moreover, this Court cannot presume Defendant intended to proceed *pro se* based on only an express waiver of appointed counsel and no evidence of a thorough inquiry as mandated by N.C. Gen. Stat. § 15A-1242. *State v. McCrowre*, 312 N.C. 478, 480, 322 S.E.2d 775, 776-77 (1984) (holding the defendant was entitled to a new trial when the record showed that the defendant only expressed his desire to waive appointed counsel and "[t]here [was] no evidence that [the] defendant ever intended to proceed to trial without the assistance of some counsel"); *see also Callahan*, 83 N.C. App. at 324-25, 350 S.E.2d at 129 (holding "this Court cannot presume that [the] defendant knowingly and intelligently waived his right to counsel" when there is no "transcription of those proceedings" and "the record is silent as to what questions were asked of defendant and what his responses were").

The State puts forth several arguments that either the district or superior court made the appropriate inquiries. First, the State argues the written waiver shows Defendant was advised of his right to counsel and thus, Defendant knowingly, voluntarily and intelligently waived that right. However, this Court has held that "[t]he record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will[,]" *Callahan*, 83 N.C. App. at 324, 350 S.E.2d at 129, and "[t]he execution of a written waiver is no substitute for compliance by the trial court with the statute[,]" *Evans*, 153 N.C. App. at 315, 569 S.E.2d at 675.

The State also suggests the district court conducted the mandatory inquiry, even though no evidence of the inquiry exists in the record. Assuming *arguendo* the district court conducted the inquiry, the record contains no transcript of it. Without the transcript, this Court cannot presume Defendant knowingly and intelligently waived his right to counsel. *Callahan*, 83 N.C. App. at 324-25, 350 S.E.2d at 129.

The State also contends, at the very least, Defendant comprehended the nature of the charges and permissible punishments because he received a sentence for the same crimes in district court. However, the fact that Defendant may have known the permissible punishments has no bearing on the trial judge's responsibility to make a thorough inquiry.

Because this Court cannot presume Defendant intended to proceed *pro se* based on only an express waiver of appointed counsel, *see McCrowre*, 312 N.C. at 480, 322 S.E.2d at 776-77, there is no evidence of a thorough inquiry as mandated by N.C. Gen. Stat. § 15A-1242, *see Callahan*, 83 N.C. App. at 324-25, 350 S.E.2d at 129, and it is prejudicial error to allow a criminal defendant to proceed *pro se* without making the inquiry required by N.C. Gen. Stat. § 15A-1242, *see Hyatt*, 132 N.C. App. at 703, 513 S.E.2d at 94-95, we must grant Defendant a new trial.[3]

NEW TRIAL.

Chief Judge MARTIN and Judge STEPHENS concur.

---

3. Because we grant Defendant a new trial on the basis of the trial court's failure to comply with N.C. Gen. Stat. § 15A-1242, we do not reach Defendant's remaining arguments.