ELMORE, Judge.
 

 *729
 
 Damon Garrison (defendant) appeals from his convictions, arguing that the trial court did not engage in the proper inquiry under N.C. Gen.Stat. § 15A-1242 (2015) before permitting him to proceed
 
 pro se.
 
 After careful review, we agree and conclude that defendant is entitled to a new trial.
 

 I. Background
 

 On 3 February 2014, defendant was indicted for possession of drug paraphernalia, felony possession of a schedule VI controlled substance,
 
 [1]
 
 maintaining a place to keep controlled substances, and manufacturing a controlled substance. Defendant was initially provided with court-appointed counsel. On 17 July 2014, however, defendant's counsel filed a motion to withdraw, stating that defendant "would like to present the strategy." After a hearing, the Honorable Lisa C. Bell allowed the motion.
 

 *730
 
 The case came on for trial at the 6 May 2015 Criminal Session of the Superior Court of Mecklenburg County, the Honorable Linwood O. Foust presiding. Defendant was not represented by counsel. On 8 May 2015, the jury returned verdicts finding defendant guilty of all charges. The trial court suspended defendant's sentence of four to fourteen months' imprisonment and placed him on twelve months' supervised probation. Defendant timely appeals.
 

 II. Analysis
 

 Defendant argues that the trial court did not comply with the requirements of N.C. Gen.Stat. § 15A-1242 before permitting him to proceed
 
 pro se.
 

 We review a trial court's decision to permit a defendant to represent himself
 
 de novo.
 

 State v. Watlington,
 

 216 N.C.App. 388
 
 , 393-94,
 
 716 S.E.2d 671
 
 , 675 (2011). "A criminal defendant's right to representation by counsel in serious criminal matters is guaranteed by the Sixth Amendment to the United States Constitution and Article I, §§ 19, 23 of the North Carolina Constitution."
 
 State v. Hyatt,
 

 132 N.C.App. 697
 
 , 702,
 
 513 S.E.2d 90
 
 , 94 (1999) (citing
 
 Gideon v. Wainwright,
 

 372 U.S. 335
 
 ,
 
 83 S.Ct. 792
 
 ,
 
 9 L.Ed.2d 799
 
 (1963) ). A criminal defendant also " 'has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes.' "
 

 Id.
 

 (quoting
 
 State v. Mems,
 

 281 N.C. 658
 
 , 670-71,
 
 190 S.E.2d 164
 
 , 172 (1972) ). "The trial court, however, must insure that constitutional and statutory standards are satisfied before allowing a criminal defendant to waive in-court representation."
 

 Id.
 

 (citing
 
 State v. Thomas,
 

 331 N.C. 671
 
 , 673,
 
 417 S.E.2d 473
 
 , 475 (1992) ).
 

 Relevant here, N.C. Gen.Stat. § 15A-1242 (2015) states,
 

 A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
 

 (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
 

 (2) Understands and appreciates the consequences of this decision; and
 

 (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
 

 *680
 

 *731
 
 This Court has previously held that "[t]he inquiry is a mandatory one, and failure to conduct it is prejudicial error."
 
 State v. Godwin,
 

 95 N.C.App. 565
 
 , 572,
 
 383 S.E.2d 234
 
 , 238 (1989) (citing
 
 State v. Bullock,
 

 316 N.C. 180
 
 , 185-86,
 
 340 S.E.2d 106
 
 , 108-09 (1986) );
 
 see also
 

 State v. Stanback,
 

 137 N.C.App. 583
 
 , 586,
 
 529 S.E.2d 229
 
 , 231 (2000) (holding that "because it is prejudicial error to allow a criminal defendant to proceed
 
 pro se
 
 without making the inquiry required by section 15A-1242, Defendant must be granted a new trial").
 

 Defendant argues that the trial court did not conduct any of the three required inquiries under N.C. Gen.Stat. § 15A-1242(1) - (3). The State concedes error under N.C. Gen.Stat. § 15A-1242(3), noting that defendant was not advised of the range of permissible punishments and admitting that a new trial is warranted. After a thorough review of the transcripts, we agree and conclude that the trial court failed to make an inquiry sufficient to satisfy itself that defendant comprehended the range of permissible punishments under N.C. Gen.Stat. § 15A-1242(3). Accordingly, as the inquiry is a mandatory one, the trial court's failure to satisfy the statutory requirements before permitting defendant to proceed
 
 pro se
 
 constitutes prejudicial error.
 
 See
 

 Godwin,
 

 95 N.C.App. at 572
 
 ,
 
 383 S.E.2d at 238
 
 . Because we conclude that defendant is entitled to a new trial, we do not reach his second argument on a challenged jury instruction.
 

 III. Conclusion
 

 The trial court failed to comply with N.C. Gen.Stat. § 15A-1242 before permitting defendant to proceed
 
 pro se.
 
 As a result, defendant is entitled to a new trial.
 

 NEW TRIAL.
 

 Judges DAVIS and DIETZ concur.
 

 [1]
 

 Prior to trial, the trial court granted the State's motion to amend this charge to misdemeanor possession.