STROUD, Judge.
 

 *196
 
 Defendant Bernardo Roberto Pena ("defendant") appeals from the trial court's judgments convicting him of attempted second degree sex offense, attempted second degree rape, second degree sex offense, second degree kidnapping, and sexual battery. On appeal, defendant's primary argument is that the trial court denied his constitutional right to counsel by requiring him to proceed to trial
 
 pro se
 
 when he did not clearly and unequivocally elect to do so and without performing a proper inquiry into whether defendant knowingly, intelligently, and voluntarily elected to proceed without an attorney. After review, we conclude that it is not clear from the record or trial transcript that defendant clearly and unequivocally requested to proceed
 
 pro se
 
 , and we agree that the trial court did not complete a proper inquiry into his purported waiver as required under N.C. Gen. Stat. § 15A-1242 (2015). Accordingly, we reverse and remand for a new trial.
 

 Facts
 

 Defendant was initially charged by arrest warrant on 29 May 2012 and then later indicted on or about 20 August 2012 for second degree sexual offense, second degree kidnapping, sexual battery, attempted second degree sexual offense, and attempted second degree rape. He signed a waiver of counsel form on or about 30 May 2012 waiving his right to assigned counsel. Defendant was later found to be indigent and Timothy Emry was appointed as his counsel by the public defender. On 26 January 2015, Mr.
 
 *3
 
 Emry filed a motion and order to withdraw as counsel, claiming that he and defendant were at a "complete impasse with regard to representation." In the motion, Mr. Emry explained that defendant "is unwilling to discuss the facts, evidence, and theory of defense with counsel any further in preparation of trial." In addition, defendant
 
 *197
 
 was upset with Mr. Emry for asking him to sign a form acknowledging that he understood a plea offer and the consequences of either taking or rejecting it.
 

 The court held a hearing on that same day, 26 January 2015, addressing Mr. Emry's motion to withdraw as counsel. At the hearing, the State claimed that "if the Court grants [defendant]'s request for a new attorney, this will be his fourth attorney since these cases were pending." Mr. Emry later clarified for the court that this was an inaccurate representation of the events that had occurred, noting there had been an attorney who made one brief district court appearance on behalf of defendant at a bond hearing early in the process, and another attorney at the Public Defender's Office who was initially appointed as defendant's counsel after he was found indigent, but that Mr. Emry quickly spoke with that attorney and had the case reassigned to him, as he had already been working on it. Mr. Emry stated that he had "been on this case throughout its Superior Court life." Mr. Emry also explained to the court that while it was an old case-dating back to 2012-it had only been put on a calendar for trial once previously, and there had been no previous delay due to the defendant.
 

 After hearing from both sides, the trial court asked defendant:
 

 Just one final thing, sir, what do you want me to do? Do you want me to-do you want to rep-what do you want to do? Do you want to represent yourself? Do you want to hire your own lawyer? Do you want me to appoint another lawyer? What do you want me to do?
 

 Defendant, helped by his translator, replied: "I just need some time because I will undergo surgery that is going to put me out of commission for about four weeks." The trial court then concluded:
 

 All right. Very well. Sir, under these circumstances, I'm going to find that there's no just basis for appointing another counsel for you. It appears from your statement there as long-as the other things that you're interested in a delay in this matter. I can't find anything before me to think that your attorney's done anything inappropriate or that he would not adequately represent you.
 

 So your options are this at this point. If you want to have Mr. Emry continue on as your lawyer, that will be fine. If you want me to release him, if you want to sign a waiver saying that you will represent yourself, that'll be fine. Or I may need to determine whether or not you've
 
 *198
 
 forfeited your right for right to counsel, which seems to be the place we are given what I've just indicated.
 

 So do you want Mr. Emry to continue to assist you or do you want to represent yourself? Or course, if you represent yourself or if I find that you've forfeited your right to counsel, there's nothing to say that you can't hire an attorney to come in here and represent you, but given how soon your trial date is, that may not be a practical thing for you to be able to do. May be impractical for you to do that.
 

 Defendant asked, through his translator: "Are you saying I must make a decision about one of those options?" After being told that, yes, that is what he must do, this conversation between defendant and the court took place:
 

 [Defendant]: Like I say, Mr. Emry is a great person, but he's been all the time wanting to take one choice-or two choices, and I want (inaudible).
 

 THE COURT: I've heard what you've had to say, I've listened to what everyone has said, and I made the decision that I've made. So right now, I need for you to tell me what you want me to do. Do you want Mr. Emry to continue to help you or do you want me to release him and find that you've forfeited your right to counsel, and you can either hire your own lawyer or come to represent yourself in court. Those are your choices.
 

 *4
 
 [Defendant]: Yeah, I want to give up Mr. Emry.
 

 THE COURT: All right. What do you want to do about a lawyer? Do you want to represent yourself?
 

 [Defendant's translator]: Could I get four to six months to find a new attorney?
 

 THE COURT: No, sir. That's what I'm-that's what I'm telling you. Your case is scheduled for trial. I don't find there's a reason to delay; find that Mr. Emry has not done anything improper in his representation. He's able to represent you. Don't-haven't heard anything from you saying why it would be appropriate for him to be removed. He's perfectly able to assist you, if you'd like.
 

 ....
 

 *199
 
 [Defendant's translator]: I'm going to have surgery the next month, and I cannot come to court.
 

 THE COURT: Well, sir, if you don't come to court, you don't present some valid reason for the judge to excuse you, very likely an order for arrest will be issued.
 

 But beyond that, that's not what's before me right now. What I want to know is do you want me to release your attorney at this point and find that you are either going to represent yourself or that you've forfeited your right to counsel or do you want Mr. Emry to continue to try to help you as best he can?
 

 [Defendant]: I'll be by myself.
 

 THE COURT: Pardon?
 

 [Defendant]: Prefer to be by myself.
 

 The trial court then appointed Mr. Emry as standby counsel. Afterwards, the court then asked that defendant "be sworn to [his] waiver." The clerk asked defendant: "Do you solemnly swear that you have the right to an appointed attorney, you've waived that right to represent yourself (inaudible)?" Defendant replied: "I so swear." A waiver of counsel form was signed by defendant and filed on that same day, 26 January 2015. On the form, defendant checked the box indicating he "freely, voluntarily, and knowingly declare[d] that ... I waive my right to assigned counsel and that I, hereby, expressly waive that right." In addition, defendant checked the box indicating that he elected in open court to be tried in this matter "without the assignment of counsel." He did
 
 not
 
 check either box indicating that he elected to waive his right to all assistance of counsel.
 

 The case proceeded to a jury trial before a different Superior Court judge on 20 April 2015. The transcript from trial is indecipherable in many spots, and portions of the transcript are in italics to note they are just based on the court reporter's notes, because they were not captured by a recording. Before trial began, the State noted that Mr. Emry was present as standby counsel and asked that the court inquire into defendant's need for a translator and to address the issue of counsel. This colloquy between the trial court and defendant ensued:
 

 THE COURT: Okay, and it's my understanding that you have, through a conversation with ... some other judge ... waived court-appointed counsel, is that correct?
 

 *200
 
 [Defendant]: Yes.
 

 THE COURT: And that you thereby elected to either represent yourself or hire your own attorney.
 

 [Defendant]: I tried to hire an attorney, but the reason I-
 

 (
 
 The recording stopped and restarted. Again, portions of the record not corroborated by the recording are italicized.)
 

 [Defendant]:-breach amount of time I had since February, I couldn't find anybody to take (indecipherable) it.
 

 So I take it you shall proceeding [sic] today as your own counsel.
 

 [Defendant]: Yes.
 

 THE COURT: Do you understand, Mr. [Emry] has been appointed ... as standby counsel.
 

 [Defendant]: Yes, I understand.
 

 THE COURT: I would like to give you some information about his role if he remains as standby counsel so that, to the extent that you want to utilize his services, you will know how to do that.
 

 [Defendant]: Okay.
 

 *5
 

 THE COURT: (Indecipherable) are choosing to represent yourself today, you will be called upon to handle some of the functions that a lawyer might otherwise handle for you. That includes trial strategy, jury selection, examination and cross examination of witnesses, among other functions that you may choose to present to the Court.
 

 Mr. [Emry] will be available for you to answer legal questions that you might have. Strategy questions that you might (indecipherable) proceed (indecipherable) questions that you might have. While I will not conduct any part of the trial for you, you will be free to ask him any questions (indecipherable) that you want his assistance. Do you understand that?
 

 *201
 

 [Defendant]: Yes, I understand that, but (indecipherable) to do (indecipherable) defense.
 

 THE COURT: (Indecipherable), you don't (indecipherable) to ask (indecipherable) any questions, he will be (indecipherable) for you with regard to that.
 

 (Indecipherable) the other matter is that I want you to understand, since you are representing yourself, I, as the judge, will not be able to assist you in trying your case in any way.
 

 [Defendant]: I understand.
 

 THE COURT: (Indecipherable) you to the extent that you have legal questions that need to be answered that you make use of your standby counsel for those purposes, (indecipherable) that's fine.
 

 I want you to understand that you are representing yourself. If you need time [to] ask questions from Mr. [Emry] or need an extra moment, you certainly feel free to do so at any time.
 

 [Defendant]: That's fine.
 

 On 23 April 2015, the jury returned guilty verdicts on all five counts. The trial court sentenced defendant and entered multiple judgments of conviction on 23 April 2015. Corrected judgments of conviction were later entered in May 2015 and then amended once again on 6 November 2015 after correction requests were received from the Department of Public Safety. Defendant timely appealed to this Court.
 

 Discussion
 

 I. Sixth Amendment Right to Counsel
 

 Defendant raises several issues on appeal but his primary arguments all relate to whether the trial court erred in requiring him to represent himself at trial, so we begin by addressing his arguments that relate to this issue.
 

 This Court reviews "a trial court's decision to permit a defendant to represent himself
 
 de novo
 
 ."
 
 State v. Garrison
 
 , --- N.C. App. ----, ----,
 
 788 S.E.2d 678
 
 , 679 (2016).
 

 A criminal defendant's right to representation by counsel in serious criminal matters is guaranteed by the
 
 *202
 
 Sixth Amendment to the United States Constitution and Article I, §§ 19, 23 of the North Carolina Constitution. Our appellate courts have recognized two circumstances, however, under which a defendant may no longer have the right to be represented by counsel.
 

 First, a defendant may voluntarily waive the right to be represented by counsel and instead proceed
 
 pro se
 
 . Waiver of the right to counsel and election to proceed
 
 pro se
 
 must be expressed clearly and unequivocally. Once a defendant clearly and unequivocally states that he wants to proceed
 
 pro se
 
 , the trial court must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel. A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242. This statute provides:
 

 A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
 

 (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
 

 (2) Understands and appreciates the consequences of this decision; and
 
 *6
 
 (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
 

 State v. Blakeney
 
 , --- N.C. App. ----, ----,
 
 782 S.E.2d 88
 
 , 93 (2016) (citations, quotation marks, brackets, and ellipses omitted).
 

 a. Clear and Unequivocal Invocation of Right of Self-Representation
 

 Defendant first argues that the trial court denied him his constitutional right to counsel by requiring him to proceed to trial
 
 pro se
 
 when he did not clearly and unequivocally elect to do so.
 

 Here, the transcript indicates that at the hearing on 26 January 2015, which was held to address Mr. Emry's request to withdraw as defendant's counsel, the trial court asked defendant "What do you want me to do?" Defendant replied that he just needed time and that he would be
 
 *203
 
 having surgery soon; the court replied that defendant's options at this point in time would be to either let Mr. Emry continue to assist him or represent himself. After more back and forth, defendant indicated that he wished "to give up Mr. Emry."
 

 The court then asked, "All right. What do you want to do about a lawyer? Do you want to represent yourself?" Defendant replied-via his translator-and asked if he could have four to six months to find an attorney. He was told no, because his case was scheduled for trial and the court had found no reason to delay. Ultimately, the court once again asked defendant to choose between Mr. Emry or representing himself, and defendant stated he would "[p]refer to be by [him]self."
 

 Defendant argues that the situation here is similar to that in
 
 State v. Bullock
 
 ,
 
 316 N.C. 180
 
 , 185,
 
 340 S.E.2d 106
 
 , 108-09 (1986). In
 
 Bullock
 
 :
 

 The defendant consented to the withdrawal of his retained counsel because of irreconcilable differences but stated that he would employ other counsel. On the day of the trial, he said that he had been unable to get any attorney to take his case because of the inadequate preparation time. The trial court reminded the defendant that he had warned him he would try the case as scheduled.
 

 Id.
 

 ,
 
 340 S.E.2d at 108
 
 . Ultimately, the
 
 Bullock
 
 Court concluded that "[t]he defendant acquiesced to trial without counsel
 
 because he had no other choice
 
 . Events here do not show a voluntary exercise of the defendant's free will to proceed
 
 pro se
 
 ."
 

 Id.
 

 ,
 
 340 S.E.2d at 108-09
 
 (emphasis added).
 

 Here, while the record and transcript indicate that defendant did eventually state that he would represent himself, it was not an outright request but was the decision he ultimately made when faced with no other option other than to continue with Mr. Emry's representation. Like the defendant in
 
 Bullock
 
 , defendant similarly acquiesced to proceeding to trial without counsel because he felt he had no other choice.
 

 Id.
 
 See also
 

 State v. Thomas
 
 ,
 
 331 N.C. 671
 
 , 678,
 
 417 S.E.2d 473
 
 , 478 (1992) ("We likewise hold that defendant's repeated requests here to appear as 'leading attorney' at the head of 'assistant' counsel did not amount to clear and unequivocal expressions of a desire to proceed
 
 pro se
 
 . The trial court thus erred in allowing him to do so."). Without a clear and unequivocal request to waive representation and proceed
 
 pro se
 
 , the trial court should not have proceeded with such assumption. This requirement-that a defendant clearly and unequivocally express his or her desire to proceed
 
 pro se
 
 -helps courts "avoid confusion and prevent gamesmanship by savvy defendants sowing the seeds for claims of
 
 *204
 
 ineffective assistance of counsel."
 
 Thomas
 
 ,
 
 331 N.C. at 674
 
 ,
 
 417 S.E.2d at 476
 
 . This case is a good example of the confusion that can occur when the record lacks a clear indication that a defendant wishes to proceed without representation.
 

 As explained in more detail in the next section, however, even if we found defendant
 
 did
 
 clearly and unequivocally waive his right to counsel, he would still be entitled to a new trial, because the trial court did not ensure that his waiver was knowing and voluntary as required by N.C. Gen. Stat. § 15A-1242.
 

 b. Knowing and Voluntary Waiver of Right to Counsel
 

 Defendant also argues that the trial court erred by forcing him to proceed to trial
 
 pro se
 
 without performing a proper inquiry
 
 *7
 
 into whether defendant was knowingly, intelligently, and voluntarily electing to proceed without an attorney.
 

 Under N.C. Gen. Stat. § 15A-1242 (2015):
 

 A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied the defendant:
 

 (1) Has been clearly advised on his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
 

 (2) Understands and appreciates the consequences of this decision; and
 

 (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
 

 Furthermore,
 

 A trial court's failure to conduct the inquiry entitles defendant to a new trial.
 

 The record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will. In cases where the record is silent as to what questions were asked of defendant and what his responses were this Court has held, we cannot presume that the defendant knowingly and intelligently waived his right to counsel.
 

 *205
 
 When there is no transcription of those proceedings, the defendant is entitled to a new trial.
 

 The execution of a written waiver is no substitute for compliance by the trial court with the statute; a written waiver is something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not an alternative to it.
 

 State v. Seymore
 
 ,
 
 214 N.C. App. 547
 
 , 549,
 
 714 S.E.2d 499
 
 , 501 (2011) (citations, quotation marks, brackets, and ellipses omitted).
 

 Here, even assuming defendant clearly and unequivocally asserted his desire to proceed without representation, the trial court's inquiry into defendant's waiver did not meet the standard required by N.C. Gen. Stat. § 15A-1242.
 
 See, e.g.,
 

 Seymore
 
 ,
 
 214 N.C. App. at 550
 
 ,
 
 714 S.E.2d at 501-02
 
 ("In the present case, the transcript of the superior court proceedings shows that the court advised Defendant of the charges against him; however, there is no evidence that any other inquiry as required by N.C. Gen. Stat. § 15A-1242 was made. The transcript does not reveal that Defendant clearly and unequivocally expressed his desire to proceed
 
 pro se
 
 , or that the court clearly advised Defendant of his right to the assistance of counsel or the range of permissible punishments Defendant faced. This falls well short of the requirements of N.C. Gen. Stat. § 15A-1242. Moreover, this Court cannot presume Defendant intended to proceed
 
 pro se
 
 based on only an express waiver of appointed counsel and no evidence of a thorough inquiry as mandated by N.C. Gen. Stat. § 15A-1242.").
 

 The trial court discussed the issue of representation both at the hearing on 26 January 2015 and on the day defendant's trial began, 20 April 2015. At the January hearing, after explaining to defendant that his options were either to keep Mr. Emry or represent himself, the court asked that defendant "be sworn to [his] waiver" of his right to counsel, and the clerk of court simply asked defendant "Do you solemnly swear that you have the right to an appointed attorney, you've waived that right to represent yourself (inaudible)?" Defendant responded, "I so swear[,]" and then signed a written waiver form. This colloquy did not meet the requirements of N.C. Gen. Stat. § 15A-1242, since the trial court did not inform defendant of his right to the assistance of counsel or the range of permissible punishments defendant may face.
 
 [1]
 

 *206
 
 The fact that defendant signed a written waiver acknowledging that he was waiving his right to assigned counsel does not relieve the trial court of its duty to go through the requisite inquiry with defendant to determine whether he understood the
 
 *8
 
 consequences of his waiver.
 
 State v. Evans
 
 ,
 
 153 N.C. App. 313
 
 , 315,
 
 569 S.E.2d 673
 
 , 675 (2002) ("The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed
 
 pro se
 
 . The execution of a written waiver is no substitute for compliance by the trial court with the statute. A written waiver is something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not an alternative to it." (Citations, quotation marks, and ellipses omitted)).
 
 See also
 

 State v. Sorrow
 
 ,
 
 213 N.C. App. 571
 
 , 577,
 
 713 S.E.2d 180
 
 , 184 (2011) ("Even though defendant executed two written waivers of counsel, one of which was certified by the trial court, these waivers are not presumed to have been knowing, intelligent, and voluntary because the rest of the record indicates otherwise. Although the transcript shows that the trial court advised defendant of his right to counsel for the probation revocation hearing, there is nothing in the record or the transcript indicating that the trial court conducted a thorough inquiry that showed that defendant understands and appreciates the consequences of the decision to proceed
 
 pro se
 
 , and that the defendant comprehends the nature of the charges and proceedings and the range of possible punishments. In omitting the second and third inquiries required by N.C. Gen. Stat. § 15A-1242, the trial court failed to determine whether the defendant's waiver of his right to counsel was knowing, intelligent and voluntary. Failure to conduct the mandatory inquiry under N.C. Gen. Stat. § 15A-1242 is prejudicial error. Accordingly, we vacate the judgment revoking defendant's probation and remand for a new hearing." (Citations, quotation marks, and brackets omitted)). Defendant's written waiver form only contains a checkmark indicating that defendant elected in open court to be tried "without the assignment of counsel"; he did not check either box on the form indicating that he was electing to waive his right to all assistance of counsel.
 

 At the start of defendant's trial, the Superior Court judge conducting the trial engaged in another colloquy with defendant regarding the issue of counsel. The court noted that defendant had previously waived court-appointed counsel, and defendant agreed. The court then stated: "And ... you thereby elected to either represent yourself or hire your own attorney." Defendant replied: "I tried to hire an attorney, but the reason I-
 
 (The recording stopped and restarted. Again, portions of the record not corroborated by the recording are italicized.)
 
 -
 
 breach amount of time I had since February, I couldn't find anybody else to take (indecipherable) it.
 
 " (Emphasis in original). The court then
 
 *207
 
 confirmed that defendant was proceeding today as his own counsel and then the trial judge stated that he "would like to give [defendant] some information about [Mr. Emry's] role if he remains as standby counsel[.]"
 

 The transcript as provided to defendant contains many "indecipherable" sections during the portion of the colloquy where the court explained how standby counsel would work, and the entire section is part of the transcript not corroborated by the recording. The transcript as it stands states:
 

 THE COURT: (Indecipherable) are choosing to represent yourself today, you will be called upon to handle some of the functions that a lawyer might otherwise handle for you. That includes trial strategy, jury selection, examination and cross examination of witnesses, among other functions that you may choose to present to the Court.
 

 Mr. [Emry] will be available for you to answer legal questions that you might have. Strategy questions that you might (indecipherable) proceed (indecipherable) questions that you might have. While I will not conduct any part of the trial for you, you will be free to ask him any questions (indecipherable) that you want his assistance. Do you understand that?
 

 [Defendant]: Yes, I understand that, but (indecipherable) to do (indecipherable) defense.
 

 THE COURT: (Indecipherable), you don't (indecipherable) to ask (indecipherable) any questions, he will be (indecipherable) for you with regard to that.
 

 (Indecipherable) the other matter is that I want you to understand, since you are representing yourself, I, as the judge, will
 

 *9
 

 not be able to assist you in trying your case in any way.
 

 [Defendant]: I understand.
 

 THE COURT: (Indecipherable) you to the extent that you have legal questions that need to be answered that you make use of your standby counsel for those purposes, (indecipherable) that's fine.
 

 I want you to understand that you are representing yourself. If you need time [to] ask questions from
 

 *208
 

 Mr. [Emry] or need an extra moment, you certainly feel free to do so at any time.
 

 [Defendant]: That's fine.
 

 Due to the transcription issues with the trial transcript, it is not entirely clear what defendant did and did not understand about the role of standby counsel. But simply informing defendant about standby counsel's role is not an adequate substitute for complying with N.C. Gen. Stat. § 15A-1242.
 
 See, e.g.,
 

 State v. Stanback
 
 ,
 
 137 N.C. App. 583
 
 , 586,
 
 529 S.E.2d 229
 
 , 230-31 (2000) ("Furthermore, neither the statutory responsibilities of standby counsel nor the actual participation of standby counsel is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver." (Citation, quotation marks, and ellipses omitted)).
 

 In addition, even if we assume that the trial court did clearly advise defendant of his right to the assistance of counsel and that defendant understood and appreciated the consequences of the decision, there is no indication that the trial court inquired into whether defendant comprehended the nature of the charges and the range of permissible punishments, as required by N.C. Gen. Stat. § 15A-1242(3). The State even acknowledges in their brief: "To be sure, the trial court did not advise Defendant of the range of permissible punishments during the pretrial colloquy." Instead, as the State also points out, the only indication in the record this information was ever relayed to defendant is through a document submitted by defendant and Mr. Emry indicating that Mr. Emry had advised him of the nature of the charges against him and the permissible punishments. This document is signed and dated on 20 September 2013, about a year and a half before the hearing took place.
 

 N.C. Gen. Stat. § 15A-1242 places the requirement on the trial judge,
 
 not
 
 defendant's attorney, to ensure that defendant fully understands the charges and possible punishment he faces.
 
 See
 

 State v. Jacobs
 
 ,
 
 233 N.C. App. 701
 
 , 705,
 
 757 S.E.2d 366
 
 , 369 (2014) ("We cannot assume that defendant understood the legal jargon ... as it related to his sentence. ... Further, the trial judge had an unequivocal duty to ask defendant whether he understood the nature of the charges and proceedings and disclose the range of permissible punishments. He neglected to do so. The foregoing is clearly inadequate to constitute the 'thorough inquiry' necessary to satisfy N.C. Gen. Stat. § 15A-1242(3). Although we recognize that defendant signed a written waiver of his right to assistance of counsel, the trial court was not abrogated of its responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 were fulfilled. We need
 
 *209
 
 not discern whether the first two subparts of the statute were satisfied-all three must be met to ensure that a defendant's waiver was made knowingly, intelligently, and voluntarily." (Citations omitted)). That Mr. Emry apparently told defendant about his charges and got him to sign a document many months earlier does not negate
 
 the trial court's
 
 obligation to ensure that defendant understood the nature of the charges against him and the potential punishment he faced.
 

 In January 2015, the trial court failed to conduct the inquiry as required by N.C. Gen. Stat. § 15A-1242 before defendant signed the waiver of his right to assigned counsel. In April 2015, before trial, it appears that the trial court may have conducted a more thorough inquiry, but due to the extremely poor quality of the recording and transcript, we simply cannot find this second waiver fulfilled the requirements of N.C. Gen. Stat. § 15A-1242 either. We hold that the trial court's failure to conduct a proper inquiry of defendant's purported waiver constituted prejudicial error, and defendant is entitled to a new trial.
 
 See, e.g.
 
 ,
 
 Garrison
 
 , --- N.C. App. at ----,
 
 788 S.E.2d at 680
 
 ("Accordingly, as the inquiry is a mandatory one, the trial court's failure to satisfy the statutory requirements before permitting defendant to
 
 *10
 
 proceed
 
 pro se
 
 constitutes prejudicial error.").
 

 II. Misconduct
 

 Defendant also argues that he did not engage in misconduct sufficient to warrant the "extreme sanction" of forfeiture of his right to counsel.
 

 A defendant may lose his constitutional right to be represented by the counsel of his choice when the right to counsel is perverted for the purpose of obstructing and delaying a trial. Any willful actions on the part of the defendant that result in the absence of defense counsel constitutes a forfeiture of the right to counsel.
 

 State v. Quick
 
 ,
 
 179 N.C. App. 647
 
 , 649-50,
 
 634 S.E.2d 915
 
 , 917 (2006) (citations omitted). As this Court explained in
 
 Blakeney
 
 ,
 

 There is no bright-line definition of the degree of misconduct that would justify forfeiture of a defendant's right to counsel. However, our review of the published opinions of our appellate courts indicates that, as discussed in [
 
 State v.
 
 ]
 
 Wray
 
 [
 
 206 N.C.App. 354
 
 ,
 
 698 S.E.2d 137
 
 (2010) ], forfeiture has generally been limited to situations involving "severe misconduct" and specifically to cases in which the defendant engaged in one or more of the following: (1) flagrant or extended delaying tactics, such
 
 *210
 
 as repeatedly firing a series of attorneys; (2) offensive or abusive behavior, such as threatening counsel, cursing, spitting, or disrupting proceedings in court; or (3) refusal to acknowledge the trial court's jurisdiction or participate in the judicial process, or insistence on nonsensical and nonexistent legal "rights."
 

 Blakeney
 
 , --- N.C. App. at ----,
 
 782 S.E.2d at 94
 
 .
 

 Here, defendant did not engage in such conduct as to forfeit his right to counsel. While the State and trial court hinted that defendant was intentionally delaying the start of his trial and that he would be on his fourth attorney after his counsel was dismissed, the record indicates this was an incorrect characterization of the facts. As explained by Mr. Emry, although a couple of other attorneys had been listed as defendant's counsel at various points early in the proceedings, defendant received substantial assistance only from him prior to Mr. Emry's request to be removed as counsel. In addition, nothing in the transcript indicates such "flagrant" tactics by defendant as to constitute extreme misconduct that warranted forfeiture of his right to counsel. There is no indication that defendant sought other delays of his trial or that he engaged in any inappropriate behavior either in court or with his assigned counsel.
 

 III. Other Issues
 

 Defendant raises several other issues on appeal
 
 [2]
 
 , but as we have concluded the trial court did not conduct the mandatory inquiry under N.C. Gen. Stat. § 15A-1242 into defendant's waiver of counsel, we need not address his additional arguments.
 
 See, e.g.,
 

 State v. Cox
 
 ,
 
 164 N.C. App. 399
 
 , 402,
 
 595 S.E.2d 726
 
 , 728 (2004) ("Because of our disposition of this issue [concluding that the trial court failed to conduct a proper inquiry under N.C. Gen. Stat. § 15A-1242 ], we need not address defendant's remaining arguments on appeal. Accordingly, we reverse and remand.").
 

 Conclusion
 

 We conclude that defendant "neither voluntarily waived the right to be represented by counsel, nor engaged in such serious misconduct as to warrant forfeiture of the right to counsel without any warning by the trial court."
 
 Blakeney
 
 , --- N.C. App. at ----,
 
 782 S.E.2d at 98
 
 . We therefore
 
 *211
 
 hold that the trial court's failure to conduct a proper inquiry into defendant's waiver violated defendant's Sixth Amendment right to representation by counsel and requires that we remand this matter for a new trial.
 

 REVERSED AND REMANDED.
 

 Judges BRYANT and DAVIS concur.
 

 [1]
 

 See
 
 Formal Advisory Opinion 2015-02 (N.C. Judicial Standards Commission) (Setting forth judge's responsibility to clarify scope of waiver and not allow a defendant to proceed without counsel based on waiver of appointed counsel only).
 

 [2]
 

 One such issue relates to the State's failure to provide a complete transcript of the proceedings. As is obvious from the quotes in this opinion from the transcript, the transcript is of very poor quality. Large portions of the trial were not recorded or are incomprehensible, including pertinent portions relating to the trial court's inquiry into defendant's decision to proceed
 
 pro se
 
 .