IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-271

 No. COA20-496

 Filed 15 June 2021

 Union County, No. 17 CRS 53859

 STATE OF NORTH CAROLINA

 v.

 AMY REGINA ATWELL

 Appeal by defendant from judgment entered on 29 January 2020 by Judge

 Jeffery K. Carpenter in Union County Superior Court. Heard in the Court of Appeals

 13 April 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General David
 D. Lennon, for the State.

 W. Michael Spivey for the Defendant.

 ARROWOOD, Judge.

¶1 Amy Regina Atwell (“defendant”) appeals from judgment entered upon a jury

 verdict finding her guilty of attempting to purchase a firearm while subject to a

 domestic violence protective order (“DVPO”) prohibiting the same, a violation of N.C.

 Gen. Stat. § 14-269.8. Defendant contends that the indictment charging her with this

 crime was fatally defective and that the trial court erred in concluding that she had

 -1-
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 forfeited her right to counsel. For the following reasons, we affirm the trial court.

 I. Background

¶2 On 9 August 2013, Judge Hunt Gwyn entered an ex parte DVPO against

 defendant in Union County District Court. The order required that defendant

 “surrender to the Sheriff . . . [any] firearms, ammunition, and gun permits . . . in

 [her] . . . ownership or control.” The order further provided that failing to surrender

 her firearms or “possessing, purchasing, or receiving a firearm, ammunition or

 permits to purchase or carry concealed firearms . . . is a crime.” The order also stated

 in a portion captioned, “Notice to Parties,” as follows:

 TO THE DEFENDANT:

 1. If this Order prohibits you from possessing, receiving or
 purchasing a firearm and you violate or attempt to
 violate that provision, you may be charged with a Class
 H felony pursuant to North Carolina G.S. 14-269.8 and
 may be imprisoned for up to 30 months.

 2. If you have been ordered to surrender firearms,
 ammunition, and gun permits and you fail to surrender
 them as required by this Order, or if you failed to
 disclose to the Court all information requested about
 possession of these items or provide false information
 about any of these items you may be charged with a
 Class H felony and may be imprisoned for up to 30
 months.

¶3 The DVPO was renewed annually and was in effect on 9 August 2017 when

 defendant unsuccessfully attempted to purchase a .22 caliber rifle at the Tennessee

 Kentucky Pawn in Scott County, Tennessee. A warrant was issued for her arrest on
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 10 August 2017. On 5 February 2018, defendant was indicted by a Union County

 grand jury with attempting to purchase a firearm while subject to a DVPO

 prohibiting the same.

¶4 The case was continued twice and came on for hearing on 18 September 2019

 in Union County Superior Court, the Honorable William A. Wood presiding. At the

 18 September 2019 hearing, defendant appeared without representation after her

 fifth attorney had withdrawn. Defendant’s case had been continued to allow time for

 defendant to hire an attorney. When the trial court asked defendant what she was

 “going to do about a lawyer[,]” defendant explained that she could not afford a lawyer

 and wanted another court appointed attorney. Judge Wood responded:

 THE COURT: Well, quite frankly I’ve never seen a file like
 this as far as your attorney situation goes. This all started
 back in August 19, 2017, which is the date of offense in
 these charges. And it looks like you got indicted in
 February of 2018, a year and a half ago, and were
 appointed an attorney who you promptly fired on February
 12th, 2018. Then you waived your right to a court appointed
 lawyer. I believe you signed another waiver of your right
 to a court appointed lawyer. Those were on April 17th, 2018
 and May 15th, 2018. You were given a continuance on June
 the 12th at your own request and then you were appointed
 another attorney on September the 11th, 2018 who
 withdrew from your case, it doesn’t really say why in the
 file. You filed another waiver on October 11th, 2018. You
 were appointed another attorney on December the 13th,
 2018 who you promptly fired in June of 2019. And then
 you signed another waiver and asked for a continuance to
 hire your own lawyer. Don’t you think it’s gone on long
 enough?
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

¶5 Defendant reiterated that she could not afford a lawyer on the date of the

 hearing and had asked for a continuance due to her disability and low income. When

 Judge Wood asked why defendant had fired her prior attorneys, defendant explained

 that one had withdrawn due to a conflict of interest, and “two other attorneys were

 totally going in two different ways of defense[,]” such that defendant did not feel that

 the attorneys represented her interests.

¶6 The trial court next asked the State “what’s your pleasure with this case[?]”

 The State responded that they were “ready to move forward with the case at this

 point[,]” that the case “just needs to be arraigned and we’ll move it to a trial

 calendar[,]” while defendant could “still possibly retain[ ] counsel if she chooses to do

 so.”

¶7 The following colloquy then transpired:

 THE COURT: Well, what I’m going to do is I’m going to
 put an order in the file basically saying you waived your
 right to have an attorney. If you would like to hire your
 own attorney, that will be fine, but based on these – the
 history of this file, it appears to me that your process in
 moving this case along has been nothing more than to see
 how long you can delay it until it goes away. The way
 you’ve behaved appears to be nothing more than a delay
 tactic and that’s what I’m going to put an order in the file
 and I’m going to make specific findings as to everything I
 just told you and to some other things that are in the file.
 I’m going to let the prosecutor arraign you and set this case
 for trial. Do you understand that?

 THE DEFENDANT: Yes.
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

THE COURT: Now, that doesn’t preclude you from hiring
your own attorney. You can hire your own attorney but
you’re going to have to do that and have your attorney
ready by the time the prosecutor has this case on the trial
calendar. Additionally, if you don’t hire an attorney, you’re
going to be responsible for representing yourself. Do you
know what that means?

THE DEFENDANT: Representing myself.

THE COURT: Yes.

THE DEFENDANT: It means representing myself.

THE COURT: It does. It means you’re going to have to
negotiate any plea deal if there is one with the prosecutor.
You’re going to have to handle all the Discovery in this
case. If there is a jury trial you’re going to have to select a
jury and keep up with any motions and try the case just as
if you were an attorney and be held to the same standard
as an attorney. You’re not going to get legal advice from
me or whoever the judge is. Do you understand that?

THE DEFENDANT: No, because I’ve already requested a
jury trial.

THE COURT: Well what is it about that that you don’t
understand?

THE DEFENDANT: You said if I get a jury trial.

THE COURT: You’re welcome – I mean, nobody’s going to
make you plead guilty. You can have a jury trial.

THE DEFENDANT: Thank you.

THE COURT: There’s other ways for a case to go away.
Do you understand that?

THE DEFENDANT: Okay.
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 THE COURT: I don’t know what’s ultimately going to have
 happen to this case but you are entitled to a jury trial most
 definitely. What I want you to understand is that if you
 represent yourself, you’re going to be held to the same
 standards of an attorney. Do you understand that?

 THE DEFENDANT: You’re giving me no choice. I mean,
 I asked for another court appointed attorney and you said
 no, so –

 THE COURT: You’ve had choice after choice after choice.
 You’ve been given a court appointed attorney on three1
 occasions, which is two more than you usually get.

 THE DEFENDANT: I’ve got the e-mails from one of the
 lawyers that was actually giving me wrong court dates to
 be in court.

 THE COURT: Well, one of the attorneys there is no
 indication as to why that attorney withdrew, the other took
 – you took them off the case, basically. So do you
 understand what’s going on here, ma’am?

 THE DEFENDANT: You’ve denied me a court appointed
 attorney. Yes, I understand that.

 THE COURT: I’ve denied you a fourth court appointed
 attorney.

 THE DEFENDANT: I understand that, yes.

 Judge Wood concluded in a 20 September 2019 order that defendant had forfeited her

 right to counsel.

¶8 The case came on for trial before the Honorable Jeffrey K. Carpenter on

 1 As Judge Wood’s 20 September 2019 order reflects, the correct number at that point

 was five.
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 13 January 2020. Defendant was present during the first two days of trial, but on

 the second day, disappeared. On 14 January 2020, the court recessed for lunch at

 12:16 p.m. and reconvened at 2:01 p.m. but defendant never returned from the lunch

 break. The court then recessed for the day and issued an order for defendant’s arrest.

¶9 The following morning, defendant did not appear, and the trial court decided

 to proceed in her absence. Due to Judge Wood’s conclusion that defendant had

 forfeited her right to counsel, neither defendant nor her counsel were present for the

 remainder of the trial, which took place over the course of the third day. At the

 conclusion of the trial, the jury found defendant guilty.

¶ 10 Defendant was located about two weeks later. On 28 January 2020, the trial

 court sentenced her to a term of 5 to 15 months in prison. Defendant gave notice of

 appeal in open court.

 II. Discussion

¶ 11 Defendant contends that the indictment charging her with this crime was

 fatally defective and that the trial court erred in concluding that she had forfeited her

 right to counsel. We disagree.

 A. Validity of Indictment

¶ 12 “[A] valid bill of indictment is essential to the jurisdiction of the trial court to

 try an accused for a felony.” State v. Campbell, 368 N.C. 83, 86, 772 S.E.2d 440, 443

 (2015) (quoting State v. Sturdivant, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981)).
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 A valid indictment, among other things, serves to “identify the offense” being charged

 with certainty, to “enable the accused to prepare for trial,” and to “enable the court,

 upon conviction, to pronounce the sentence.” State v. Rankin, 371 N.C. 885, 886, 821

 S.E.2d 787, 790 (2018) (citing State v. Saults, 294 N.C. 722, 726, 242 S.E.2d 801, 805

 (1978)).

¶ 13 A sufficient indictment must include “[a] plain and concise factual statement”

 asserting “facts supporting every element of a criminal offense and the defendant’s

 commission thereof.” N.C. Gen. Stat. § 15A-924(a)(5) (2019). If the indictment fails

 to state an essential element of the offense, any resulting conviction must be vacated.

 See, e.g., Campbell, 368 N.C. at 86, 772 S.E.2d at 443; see also State v. Wagner, 356

 N.C. 599, 601, 572 S.E.2d 777, 779 (2002) (per curiam). The law disfavors application

 of rigid and technical rules to indictments; so long as an indictment adequately

 expresses the charge against the defendant, it will not be quashed. See State v.

 Sturdivant, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981).

¶ 14 In State v. Mostafavi, the defendant argued that the indictment charging him

 with obtaining property by false pretenses omitted an essential element of the crime

 because it failed to allege the precise amount of money the defendant received when

 he pawned the property obtained. 370 N.C. 681, 683, 811 S.E.2d 138, 140 (2018). Our

 Supreme Court held that the indictment was facially valid because it clearly

 identified “the conduct which [was] the subject of the accusation” by alleging that the
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 defendant received United States currency by pawning stolen property as if it were

 his own. Id. at 687, 811 S.E.2d at 142 (quoting N.C. Gen. Stat. § 15A-924(a)(5)).

¶ 15 Here, the indictment charged that defendant “willfully and feloniously did

 attempt to purchase a firearm, as defined in [N.C. Gen. Stat. §] 14-409.39(2), knowing

 that a protective order was entered against her, pursuant to Chapter 50B of the

 General Statutes and was in effect at the time she attempted to purchase the

 firearm.” The indictment specifically references the attempt to purchase a firearm,

 the existence of a protective order against defendant, and that the order “was in effect

 at the time she attempted to purchase the firearm.” The indictment adequately

 expressed the charge against defendant within a reasonable certainty to enable

 defendant to prepare for trial and for the court to pronounce the sentence.

 Accordingly, we hold that the indictment was valid.

 B. Forfeiture of Right to Counsel

¶ 16 “A criminal defendant’s right to representation by counsel in serious criminal

 matters is guaranteed by the Sixth Amendment to the United States Constitution

 and Article I, §§ 19, 23 of the North Carolina Constitution.” State v. Blakeney, 245

 N.C. App. 452, 459, 782 S.E.2d 88, 93 (2016) (citations omitted). “This includes the

 right of indigent defendants to be represented by appointed counsel.” State v. Harvin,

 268 N.C. App. 572, 590, 836 S.E.2d 899, 909 (2019) (citation omitted).

¶ 17 There are several circumstances where an indigent defendant may lose the
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 right to appointed counsel. State v. Curlee, 251 N.C. App. 249, 252, 795 S.E.2d 266,

 269 (2016) (citation omitted). The first is waiver of the right to counsel, which must

 be made knowingly, intelligently, and voluntarily. Id. at 253, 795 S.E.2d at 269

 (citation omitted). Once given, “a waiver of counsel is good and sufficient until the

 proceedings are terminated or until the defendant makes known to the court” that

 they desire to withdraw the waiver and have counsel appointed. Id. (citation

 omitted). The burden of establishing a change of desire for the assistance of counsel

 rests upon the defendant. Id. (citation omitted).

¶ 18 Additionally, a defendant may forfeit the right to counsel “in situations

 evincing egregious misconduct by a defendant[.]” State v. Simpkins, 373 N.C. 530,

 535, 838 S.E.2d 439, 446 (2020). This conduct must be “egregious dilatory or abusive

 conduct on the part of the defendant which undermines the purposes of the right to

 counsel.” Id. at 541, 838 S.E.2d at 449. “There is no bright-line definition of the

 degree of misconduct that would justify forfeiture of a defendant’s right to counsel[,]”

 but forfeiture has been found in cases where the defendant engaged in

 (1) flagrant or extended delaying tactics, such as
 repeatedly firing a series of attorneys; (2) offensive or
 abusive behavior, such as threatening counsel, cursing,
 spitting, or disrupting proceedings in court; or (3) refusal
 to acknowledge the trial court’s jurisdiction or participate
 in the judicial process, or insistence on nonsensical and
 nonexistent legal “rights.”

 Blakeney, 245 N.C. App. at 461-62, 782 S.E.2d at 94 (referencing several published
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 cases concerning forfeiture of the right to counsel).

¶ 19 In Simpkins, our Supreme Court discussed various categories of conduct

 sufficient to constitute forfeiture, including where “the defendant is attempting to

 obstruct the proceedings and prevent them from coming to completion.” Simpkins,

 373 N.C. at 538, 838 S.E.2d at 447. Regarding obstruction, the Court included

 examples such as a defendant who “refuses to obtain counsel after multiple

 opportunities to do so, refuses to say whether he or she wishes to proceed with

 counsel, refuses to participate in the proceedings, or continually hires and fires

 counsel and significantly delays the proceedings[.]” Id. In these circumstances, the

 obstructionist actions must “completely undermine the purposes of the right to

 counsel.” Id. If the defendant’s actions also prevent the trial court from fulfilling the

 mandated inquiries of N.C. Gen. Stat. § 15A-1242, “the defendant has forfeited his or

 her right to counsel and the trial court is not required to abide by the statute’s

 directive to engage in a colloquy regarding a knowing waiver.” Id.

¶ 20 “Another situation that arises with some frequency in criminal cases is that of

 the defendant who waives the appointment of counsel and whose case is continued in

 order to allow [them] time to obtain funds with which to retain counsel.” Curlee, 251

 N.C. App. at 253, 795 S.E.2d at 270. A defendant’s case may be continued several

 times before the defendant realizes they cannot afford to hire an attorney, which may

 cause judges and prosecutors to be “understandably reluctant to agree to further
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 delay of the proceedings,” or to “suspect that the defendant knew that [they] would

 be unable to hire a lawyer and was simply trying to delay the trial.” Id. In such a

 situation, the trial court must inform the defendant that, if they do not want to be

 represented by appointed counsel and are unable to hire an attorney by the scheduled

 trial date, they “will be required to proceed to trial without the assistance of counsel,

 provided that the trial court informs the defendant of the consequences of proceeding

 pro se and conducts the inquiry required by N.C. Gen. Stat. § 15A-1242.” Id.

 (emphasis in original).

¶ 21 Under N.C. Gen. Stat. § 15A-1242, “a defendant must be advised of the right

 to counsel, the consequences of proceeding without counsel, and ‘the nature of the

 charges and proceedings and the range of permissible punishments’ before the

 defendant can proceed without counsel.” Simpkins, 373 N.C. at 541, 838 S.E.2d at

 449 (quoting N.C. Gen. Stat. § 15A-1242 (2019)). “The record must affirmatively show

 that the inquiry was made and that the defendant, by [their] answers, was literate,

 competent, understood the consequences of [their] waiver, and voluntarily exercised

 [their] own free will.” State v. Pena, 257 N.C. App. 195, 204, 809 S.E.2d 1, 7 (2017)

 (citation omitted). “A trial court’s failure to conduct [this] inquiry entitles [the]

 defendant to a new trial.” State v. Seymore, 214 N.C. App. 547, 549, 714 S.E.2d 499,

 501 (2011). A trial court is only relieved of its obligation to conduct the colloquy

 required by N.C. Gen. Stat. § 15A-1242 when the defendant’s conduct makes doing so
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 impossible. Simpkins, 373 N.C. at 541, 838 S.E.2d at 449.

¶ 22 The transcript of the 18 September 2019 hearing demonstrates that the court

 determined this case to be one of the situations contemplated in Curlee. Accordingly,

 defendant was “required to proceed to trial without the assistance of counsel,

 provided that the trial court inform[ed] the defendant of the consequences of

 proceeding pro se and conduct[ed] the inquiry required by N.C. Gen. Stat. § 15A-

 1242.” Curlee, 251 N.C. App. at 253, 795 S.E.2d at 270.

¶ 23 For the trial court’s inquiry to satisfy the requirements of N.C. Gen.

 Stat. § 15A-1242, the trial court was required to advise defendant of the right to

 counsel, the consequences of proceeding without counsel, and “the nature of the

 charges and proceedings and the range of permissible punishments” before defendant

 could proceed without counsel. Simpkins, 373 N.C. at 541, 838 S.E.2d at 449 (quoting

 N.C. Gen. Stat. § 15A-1242 (2019)). Here, defendant was clearly advised of the right

 to counsel, as she had already been represented by several court appointed attorneys

 and had entered and withdrawn multiple waivers of the right to counsel. The trial

 court also reiterated that the order “doesn’t preclude you from hiring your own

 attorney.” With respect to the consequences of proceeding pro se, the trial court

 informed defendant that she would be responsible for negotiating any plea deal with

 the prosecutor, proceeding with discovery, jury selection, and any motions and trial,

 and that she would be “held to the same standard as an attorney.” This portion of
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 the colloquy also informed defendant of the nature of the proceedings and the range

 of permissible punishments. Therefore, we hold that the colloquy was sufficient.

 Because we hold that the colloquy was sufficient for the purposes of N.C. Gen. Stat.

 § 15A-1242, we further hold that the trial court’s order that defendant had “forfeited

 or effectively waived her right to be represented by counsel in this matter” was

 appropriate and not violative of the standards set out in Simpkins.

¶ 24 Assuming arguendo that the trial court’s colloquy was insufficient for the

 purposes of N.C. Gen. Stat. § 15A-1242 and that an effective waiver did not occur, we

 hold that defendant forfeited the right to counsel. Although there is no bright-line

 definition on the degree of misconduct to justify forfeiture, several of the types of

 conduct contemplated in Blakeney and Simpkins occurred in this case. Defendant

 repeatedly fired appointed counsel, often within several days of their appointment.

 Defendant continued to alternatively seek appointed counsel or additional time to

 hire an attorney while filing and withdrawing multiple waivers of the right to

 appointed counsel.2 Under these circumstances, defendant’s actions completely

 frustrated the purpose of the right to counsel and prevented the trial court from

 moving the case forward. Accordingly, we hold that the trial court’s finding that

 2 Although our courts have not directly considered the effect of multiple filed and

 withdrawn waivers of the right to appointed counsel in the context of forfeiture, we view this
 conduct as analogous to repeated firing of appointed counsel and consider this conduct in
 determining whether a defendant is engaged in “flagrant or extended delaying tactics.”
 STATE V. ATWELL

 2021-NCCOA-271

 Opinion of the Court

 defendant forfeited the right to appointed counsel was warranted.

 III. Conclusion

¶ 25 For the forgoing reasons, we hold the indictment was facially valid and the

 trial court did not err in concluding that defendant had forfeited her right to

 appointed counsel.

 AFFIRMED.

 Chief Judge STROUD concurs.

 Judge JACKSON concurs in part and dissents in part.
 No. COA20-496 – State v. Atwell

 JACKSON, Judge, concurring in part and dissenting in part.

¶ 26 I join the portion of the majority’s opinion holding that the indictment charging

 Amy Regina Atwell (“Defendant”) with attempting to purchase a firearm while

 subject to a domestic violence protective order prohibiting the same is facially valid.

 However, I respectfully dissent from the portion of the majority opinion holding that

 Defendant waived the right to counsel, or in the alternative, forfeited it.

¶ 27 North Carolina General Statute § 15A-1242 provides:

 A defendant may be permitted at his election to proceed in
 the trial of his case without the assistance of counsel only
 after the trial judge makes thorough inquiry and is
 satisfied that the defendant:

 (1) Has been clearly advised of his right to the
 assistance of counsel, including his right to the
 assignment of counsel when he is so entitled;

 (2) Understands and appreciates the consequences
 of this decision; and

 (3) Comprehends the nature of the charges and
 proceedings and the range of permissible
 punishments.

 N.C. Gen. Stat. § 15A-1242 (2019). Our Supreme Court has held that trial courts are

 only relieved of the obligation to conduct the colloquy required by N.C. Gen. Stat.

 § 15A-1242 “in situations evincing egregious misconduct by a defendant[,]” State v.

 Simpkins, 373 N.C. 530, 535, 838 S.E.2d 439, 446 (2020), where the “defendant may

 be deemed to have forfeited the right to counsel because . . . the defendant has totally

 - 16 -
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 frustrated that right[,]” id. at 536, 838 S.E.2d at 446. “[A]bsent egregious conduct by

 the defendant, a defendant must be advised of the right to counsel, the consequences

 of proceeding without counsel, and ‘the nature of the charges and proceedings and

 the range of permissible punishments’ before the defendant can proceed without

 counsel.” Id. at 541, 838 S.E.2d at 449 (quoting N.C. Gen. Stat. § 15A-1242).

¶ 28 Neither the trial court, nor Judge William A. Wood—who presided over a

 pretrial hearing on 18 September 2019—completed the colloquy required by N.C.

 Gen. Stat. § 15A-1242. Instead, Judge Wood concluded in a 20 September 2019 order

 that Defendant had forfeited the right to counsel. However, the record before us does

 not support Judge Wood’s forfeiture conclusion. The majority erroneously concludes

 that Judge Wood’s colloquy with Defendant on 18 September 2019 “was sufficient for

 purposes of the statute[,]” State v. Atwell, supra at ___, or alternatively, “that

 [D]efendant forfeited the right to counsel[,]” id. at ___. I disagree, and therefore

 respectfully dissent.

 I. Standard of Review

 The right to counsel in a criminal proceeding is protected
 by both the federal and state constitutions. Our review is
 de novo in cases implicating constitutional rights.
 Accordingly, we review de novo a trial court’s
 determination that a defendant has either waived or
 forfeited the right to counsel.

 Simpkins, 373 N.C. at 533, 838 S.E.2d at 444 (internal marks and citation omitted).
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 II. Waiver

¶ 29 As our Court has previously observed, the requirements of N.C. Gen. Stat.

 § 15A-1242 “are clear and unambiguous.” State v. Callahan, 83 N.C. App. 323, 324,

 350 S.E.2d 128, 129 (1986). “The inquiry is mandatory and must be made in every

 case in which a defendant elects to proceed without counsel[,]” id. (citation omitted),

 unless the defendant “forfeit[s] the right to counsel . . . and prevents the trial court

 from complying with N.C.G.S. § 15A-1242[,]” Simpkins, 373 N.C. at 541, 838 S.E.2d

 at 449. In the case of a valid waiver, “[t]he record must affirmatively show that the

 inquiry was made and that the defendant, by his answers, was literate, competent,

 understood the consequences of his waiver, and voluntarily exercised his own free

 will.” Callahan, 83 N.C. App. at 324, 350 S.E.2d at 129 (citation omitted). “The

 purpose of the colloquy required by N.C. Gen. Stat. § 15A-1242 is to comply with the

 constitutional requirement that a waiver of the right to counsel be made ‘knowingly,

 intelligently, and voluntarily.’” State v. Harvin, 268 N.C. App. 572, 593, 836 S.E.2d

 899, 911 (2019) (quoting State v. Blakeney, 245 N.C. App. 452, 459-60, 782 S.E.2d 88,

 93 (2016)).

¶ 30 The record of the 18 September 2019 hearing demonstrates not only that

 Defendant did not wish to proceed without counsel—Defendant requested that

 another attorney be appointed to represent her, not that she be allowed to proceed

 pro se—but also that Defendant did not waive her constitutional right to counsel
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

“knowingly, intelligently, and voluntarily[.]” Blakeney, 245 N.C. App. at 459, 782

S.E.2d at 93. Judge Wood asked her, “What are you going to do about a lawyer?” She

replied, “I can’t afford to get a lawyer and still pay my rent and the living expenses.

I thought one would take payments from me, but they won’t. So at this time I would

like to get another court appointed attorney.” Judge Wood then summarized what he

saw in the file related to the appointment of the attorneys that had withdrawn,

whereupon Defendant explained, “I asked for a six month’s continuance because I’m

disabled and I’m low income. I knew that I would need at least a couple months. I

can’t pay my rent and my living expenses plus pay a lawyer in four weeks.” Judge

Wood responded, “Well I can see at least two occasions, perhaps three you’ve

requested a court appointed attorney and you’ve promptly fired that lawyer.”

Defendant replied:

 Two of them, yeah, for valid, valid reasons. And one of
 them that I had personal – that was taking payments for
 four months. The fourth month he up and said there was
 a conflict with another client, Vernon Clauser (ph). I don’t
 know what the conflict is. I don’t have any proceedings
 with him. And he said that I hadn’t paid him. He was
 taking payments from me every month for four months. So
 that set me back for a while. And then this – the two other
 attorneys were totally going in two different ways of
 defense. Just to me they seemed like they were more on
 the Plaintiff’s side than mine. I don’t need an attorney like
 that. I’ve asked for a jury trial. I mean, I haven’t seen
 anything filed. I did see where Peter Dwyer seemed to do
 the best work, in my opinion, because he did file for an
 arraignment back in June of 2018. He did file a motion for
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 Discovery. I mean, he seems to be the most – I regret
 letting him go, but – just put it that way.

¶ 31 Judge Wood then asked the prosecutor, “Mr. [Prosecutor], what’s your pleasure

 with this case, sir?” The prosecutor explained that Defendant had been offered to

 plead as charged and serve probation but that she had declined, and the State was

 ready to proceed. The following colloquy then transpired:

 THE COURT: Well, what I’m going to do is I’m going to
 put an order in the file basically saying you waived your
 right to have an attorney. If you would like to hire your
 own attorney, that will be fine, but based on these – the
 history of this file, it appears to me that your process in
 moving this case along has been nothing more than to see
 how long you can delay it until it goes away. The way
 you’ve behaved appears to be nothing more than a delay
 tactic and that’s what I’m going to put an order in the file
 and I’m going to make specific findings as to everything I
 just told you and to some other things that are in the file.
 I’m going to let the prosecutor arraign you and set this case
 for trial. Do you understand that?

 THE DEFENDANT: Yes.

 THE COURT: Now, that doesn’t preclude you from hiring
 your own attorney. You can hire your own attorney but
 you’re going to have to do that and have your attorney
 ready by the time the prosecutor has this case on the trial
 calendar. Additionally, if you don’t hire an attorney, you’re
 going to be responsible for representing yourself. Do you
 know what that means?

 THE DEFENDANT: Representing myself.

 THE COURT: Yes.

 THE DEFENDANT: It means representing myself.
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 THE COURT: It does. It means you’re going to have to
 negotiate any plea deal if there is one with the prosecutor.
 You’re going to have to handle all the Discovery in this
 case. If there is a jury trial you’re going to have to select a
 jury and keep up with any motions and try the case just as
 if you were an attorney and be held to the same standard
 as an attorney. You’re not going to get legal advice from
 me or whoever the judge is. Do you understand that?

 THE DEFENDANT: No, because I’ve already requested a
 jury trial.

 THE COURT: Well what is it about that that you don’t
 understand?

 THE DEFENDANT: You said if I get a jury trial.

 THE COURT: You’re welcome – I mean, nobody’s going to
 make you plead guilty. You can have a jury trial.

 THE DEFENDANT: Thank you.

 THE COURT: There’s other ways for a case to go away.
 Do you understand that?

 THE DEFENDANT: Okay.

 THE COURT: I don’t know what’s ultimately going to have
 happen to this case [sic] but you are entitled to a jury trial
 most definitely. What I want you to understand is that if
 you represent yourself, you’re going to be held to the same
 standards of an attorney. Do you understand that?

 THE DEFENDANT: You’re giving me no choice. I mean,
 I asked for another court appointed attorney and you said
 no, so –

 THE COURT: You’ve had choice after choice after choice.
 You’ve been given a court appointed attorney on three3

3 As the majority notes, the correct number at that point was five.
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 occasions, which is two more than you usually get.

 THE DEFENDANT: I’ve got the e-mails from one of the
 lawyers that was actually giving me wrong court dates to
 be in court.

 THE COURT: Well, one of the attorneys there is no
 indication as to why that attorney withdrew, the other took
 – you took them off the case, basically. So do you
 understand what’s going on here, ma’am?

 THE DEFENDANT: You’ve denied me a court appointed
 attorney. Yes, I understand that.

 THE COURT: I’ve denied you a fourth court appointed
 attorney.

 THE DEFENDANT: I understand that, yes.

¶ 32 The record of the 18 September 2019 hearing thus shows that Judge Wood

 attempted to conduct the colloquy required by N.C. Gen. Stat. § 15A-1242 but did not

 complete it. It does not “show that . . . [D]efendant . . . understood the consequences

 of h[er] waiver, and voluntarily exercised h[er] own free will.” Callahan, 83 N.C. App.

 at 324, 350 S.E.2d at 129. Instead, when Judge Wood asked Defendant whether she

 understood “that if you represent yourself, you’re going to be held to the same

 standards of an attorney[,]” Defendant replied, “You’re giving me no choice. I mean,

 I asked for another court appointed attorney and you said no[.]” Any purported

 waiver resulting from the 18 September 2019 hearing was not knowing, intelligent,

 and voluntary. See Blakeney, 245 N.C. App. at 459-60, 782 S.E.2d at 93. Accordingly,

 I would hold that the colloquy between Judge Wood and Defendant on 18 September
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 2019 did not suffice for purposes of N.C. Gen. Stat. § 15A-1242 because Judge Wood

 did not complete the colloquy, and the colloquy that did occur demonstrates that any

 purported waiver resulting from the hearing was not knowing, intelligent, and

 voluntary. See id.

¶ 33 The majority asserts that this case is similar to a situation we described in

 State v. Curlee, 251 N.C. App. 249, 795 S.E.2d 266 (2016), where a

 defendant [] waives the appointment of counsel and [the]
 case is continued . . . [and] [b]y the time [] [the] defendant
 realizes that he cannot afford to hire an attorney, . . .
 judges and prosecutors are understandably reluctant to
 agree to further delay of the proceedings, or may suspect
 that the defendant knew that he would be unable to hire a
 lawyer and was simply trying to delay the trial.

 Id. at 253, 795 S.E.2d at 270. In Curlee, we described a prophylactic measure a trial

 court could employ to prevent a delay of proceedings because of a defendant’s failure

 to fully appreciate the cost of retaining private counsel and any associated logistical

 challenges that might present themselves until after some unsuccessful attempts to

 retain counsel had been made by a defendant:

 It is not improper in such a situation for the trial court to
 inform the defendant that, if he does not want to be
 represented by appointed counsel and is unable to hire an
 attorney by the scheduled trial date, he will be required to
 proceed to trial without the assistance of counsel, provided
 that the trial court informs the defendant of the
 consequences of proceeding pro se and conducts the inquiry
 required by N.C. Gen. Stat. § 15A-1242.
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 Id. (emphasis in original).

¶ 34 I believe the majority’s comparison of this case to the situation described in

 Curlee is inapt for two reasons: (1) the procedure described in Curlee requires that

 “the trial court inform[] the defendant of the consequences of proceeding pro se and

 conduct[] the inquiry required by N.C. Gen. Stat. § 15A-1242[,]” id., which did not

 happen here; (2) the procedure described in Curlee is to be used by trial courts when

 the defendant “does not want to be represented by appointed counsel and is unable to

 hire an attorney[,]” id. (emphasis added). It is clear from the record of the 18

 September 2019 hearing that Defendant wanted to be represented by counsel—to

 that end, she requested the appointment of counsel because she could not afford to

 retain counsel. When Judge Wood asked Defendant what she was going to do about

 a lawyer, for example, she replied that she could not “afford to get a lawyer and still

 pay [her] rent and [] living expenses[,]” and requested that he appoint her counsel.

¶ 35 Without offering explanation or citing support in the record, the majority

 asserts that Judge Wood “determined this case to be one of the situations

 contemplated in Curlee.” State v. Atwell, supra at ___. This unsupported assertion

 is belied by the transcript of the hearing before Judge Wood on 18 September 2019,

 as the portions of the transcript reproduced above reveal. The import of Curlee in

 this case is not that this case is an example of the successful use of the prophylactic

 measure we described in Curlee, but instead that Curlee outlines a procedure trial
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 judges can employ in situations like the one that faced Judge Wood on 18 September

 2019, provided, however, that the defendant (1) “does not want to be represented by

 appointed counsel and is unable to hire an attorney by the scheduled trial date”; and

 (2) “the trial court informs the defendant of the consequences of proceeding pro se and

 conducts the inquiry required by N.C. Gen. Stat. § 15A-1242.” Curlee, 251 N.C. App.

 at 253, 795 S.E.2d at 270. I would therefore hold that the situation described in

 Curlee is distinguishable.

 III. Forfeiture

¶ 36 In Simpkins, our Supreme Court held for the first time that “a defendant may

 be deemed to have forfeited the right to counsel because, by his or her own actions,

 the defendant has totally frustrated that right.” 373 N.C. at 536, 838 S.E.2d at 446.

 Our Court has since recognized that in Simpkins, “[t]he Supreme Court synthesized

 our precedent and announced the test to apply in forfeiture cases: ‘A finding that a

 defendant has forfeited the right to counsel requires egregious dilatory or abusive

 conduct on the part of the defendant which undermines the purposes of the right to

 counsel.’” State v. Patterson, 846 S.E.2d 814, 818 (N.C. Ct. App. 2020) (quoting

 Simpkins, 373 N.C. at 541, 838 S.E.2d at 449). “Importantly, the Supreme Court

 rejected this Court’s precedent holding that ‘willful actions on the part of the

 defendant that result in the absence of defense counsel,’ standing alone, can support

 forfeiture.” Id. (quoting Simpkins, 373 N.C. at 539, 838 S.E.2d at 448).
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

¶ 37 The forfeiture conclusion in Judge Wood’s order does not meet the Simpkins

 standard. Defendant’s conduct, like Mr. Simpkins’s conduct, “while probably highly

 frustrating, was not so egregious that it frustrated the purposes of the right to counsel

 itself.” Simpkins, 373 N.C. at 539, 838 S.E.2d at 448. Nothing in the record indicates

 how many times the State continued the case or was not ready to proceed. In fact,

 the State waited almost six months from charging Defendant to secure an indictment.

 Further, nothing in the record indicates that any of the lawyers who had previously

 represented Defendant withdrew because Defendant was refusing to participate in

 preparing a defense. We also do not know why several of the attorneys withdrew,

 other than one having a conflict with another client according to Defendant. Instead,

 to the extent it discloses any information on the subject, the record tends to show that

 Defendant had differences with her prior lawyers related to the preparation of her

 defense and defense strategy. For example, her differences with her first lawyer

 appear to have been related to a jurisdictional argument she raised in a pro se motion

 filed on 8 May 2018 regarding the subject matter jurisdiction of Union County

 Superior Court over a crime she committed in Tennessee while residing in

 Tennessee—an argument that does not appear to have ever been addressed below

 and is not patently frivolous.

¶ 38 The American Bar Association has put forth standards for conduct of attorneys

 for over 50 years. These standards have been cited in hundreds of court opinions,
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 including at least 120 United States Supreme Court opinions. In particular,

 Standard 4-5.2 entitled “Control and Direction of the Case” provides:

 Certain decisions relating to the conduct of the case are for
 the accused; others are for defense counsel. Determining
 whether a decision is ultimately to be made by the client or
 by counsel is highly contextual, and counsel should give
 great weight to strongly held views of a competent client
 regarding decisions of all kinds.

 ABA Standards for Criminal Justice 4-5.2 (4th ed. 2017) (“The Defense Function”).

 The record before this Court contains no reasons for the withdrawal of counsel other

 than that Defendant had some strongly held views that she did not wish to plead

 guilty in exchange for probation and that she wanted to challenge some jurisdictional

 elements of the State’s case. Defendant’s strongly held views about the case were not

 a basis for concluding that she forfeited the right to counsel because she did not

 engage in any “egregious dilatory or abusive conduct . . . [that] undermine[d] the

 purposes of the right to counsel and prevent[ed] the trial court from complying with

 N.C.G.S. § 15A-1242.” Simpkins, 373 N.C. at 541, 838 S.E.2d at 449.

¶ 39 Further, nothing in the record indicates that Defendant mistreated her prior

 attorneys by physically assaulting them or even by being verbally abusive. The

 defendant in Simpkins refused to acknowledge the authority of the court. Id. at 539,

 838 S.E.2d at 448. He refused to answer the trial court’s questions and posed his own

 repeated questions to the court. Id. He spoke out of turn and challenged the court
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 with extraneous statements. Id.

¶ 40 The transcript of the 18 September 2019 hearing before Judge Wood

 demonstrates that Defendant was polite at the hearing. When in court, Defendant

 normally answered questions appropriately, even saying yes sir or no sir to the court

 on occasion. The only instance in the record of Defendant being less than courteous

 toward the court is in the transcript of the day of her sentencing, over three months

 after Judge Wood entered his order regarding forfeiture. Defendant’s requests for

 the court to appoint her a sixth lawyer and for a third continuance on 18 September

 2019 did not “totally frustrat[e] the ability of the trial court to reach an outcome[.]”

 Id. at 536, 838 S.E.2d at 446. In fact, if the court had simply appointed her an

 attorney at that point, counsel would have had over three months to prepare for the

 trial of the matter without the need for further continuance.

¶ 41 While the majority’s assertion that Judge Wood “determined this case to be one

 of the situations contemplated in Curlee[,]” State v. Atwell, supra at ___, is

 unsupported by the record, Defendant’s history of requesting continuances and the

 appointment of new counsel is certainly reminiscent of the situation described in

 Curlee: “[D]efendant [] waive[d] the appointment of counsel and [her] case [was]

 continued in order to allow [her] time to obtain funds with which to retain counsel.”

 251 N.C. App. at 253, 795 S.E.2d at 270. “By the time . . . [she] realize[d] that [she]

 [could] []not afford to hire an attorney, [her] case [] ha[d] been continued” twice. Id.
 STATE V. ATWELL

 2021-NCCOA-271

 JACKSON, J., concurring in part and dissenting in part.

 “At that point, [the] judge[] and prosecutor[] [were] understandably reluctant to agree

 to further delay of the proceedings, or may [have] suspect[ed] that [] [D]efendant

 knew that [she] would be unable to hire a lawyer and was simply trying to delay the

 trial.” Id. However, nothing in the record indicates that Judge Wood or any other

 judge presiding over a hearing in this case followed our suggestion in Curlee to

 “inform [] [D]efendant that, if [she] does not want to be represented by appointed

 counsel and is unable to hire an attorney by the scheduled trial date, [she] w[ould] be

 required to proceed to trial without the assistance of counsel, . . . inform[ing] []

 [D]efendant of the consequences of proceeding pro se and conduct[ing] the inquiry

 required by N.C. Gen. Stat. § 15A-1242.” Id.

¶ 42 Under Simpkins, forfeiture requires egregious misconduct that obstructs or

 delays the proceedings and the record before this panel simply does not support that

 determination here. See 373 N.C. at 541, 838 S.E.2d at 449. Instead, the record

 before us suggests that appointing Defendant a lawyer would have facilitated

 reaching an outcome in the case rather than frustrating it and therefore, I would hold

 that Judge Wood’s forfeiture conclusion was error. Accordingly, I respectfully dissent.